## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**JAMES WALTERS**                                                                                   **PETITIONER**

**v.**                                                            **CIVIL ACTION NO. 5:09-CV-P8-R**

**JOHN MOTLEY, Warden**                                                                            **RESPONDENT**

### MEMORANDUM AND ORDER

The petitioner, James Walters, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus (DN 1). The matter is currently before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petition appears to be barred by the applicable statute of limitations, the Court will direct the petitioner to show cause why his petition should not be denied and his action dismissed as untimely.

I.

A review of the petition and amended petition and attached state-court documents reveals that following the petitioner's guilty plea in October 1998, the McCracken Circuit Court entered a judgment of conviction on December 16, 1998, sentencing the petitioner to 25 years to life in prison for capital murder and first-degree robbery. Over two years later, on April 12, 2001, the petitioner filed a state post-conviction motion pursuant to KY. R. CRIM. P. 11.42. According to the petitioner's § 2254 petition, the McCracken Circuit Court denied his Rule 11.42 motion on April 18, 2001. He states in his amended petition that on September 25, 2003, he filed a motion pursuant to KY. R. CRIM. P. 60.02, which was denied on October 29, 2003. He states that he filed another motion pursuant to KY. R. CRIM. P. 11.42 on October 20, 2004, which was denied on January 24, 2005, by the McCracken Circuit Court. On appeal, on May 5, 2006, the Kentucky Court of Appeals affirmed, and the Kentucky Supreme Court denied discretionary review on

March 16, 2007.  The petitioner filed another Rule 60.02 motion in September 2006, which was denied by the McCracken Circuit Court in October 2006, and that denial was affirmed by the Kentucky Court of Appeals on July 11, 2006.  The petitioner filed his § 2254 petition in this Court January 13, 2009.[1]

II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing.  *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  In this case, the petitioner certified under penalty of perjury that he placed his petition in the prison mail system on January 13, 2009.

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on January 15, 1999, 30 days after the trial court entered judgment and the last date that he could have filed an appeal under Rule 12.04(3) of the Kentucky Rules of Criminal Procedure. Thus, he had until January 15, 2000, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

According to the petitioner's petition, he did not file any time-tolling collateral attacks of his state court conviction until April 21, 2001, over one year after the applicable limitations had expired. His filing a Rule 11.42 post-conviction motion did not restart the one-year statute of limitations for filing his federal habeas petition. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted). Thus, when the petitioner finally sought post-conviction relief from the McCracken Circuit Court on April 21, 2001, there was nothing left of the one-year statute of limitations to toll.

The petitioner does not allege any circumstances appropriate for applying the doctrine of equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, before dismissing the action on statute-of-limitation grounds, the Court will provide the petitioner with an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 211 (2006).

Accordingly, **IT IS HEREBY ORDERED** that no later than **thirty (30) days** from the date of this order, the petitioner shall show cause why his petition should not be denied and his action dismissed as barred by the applicable statute of limitations. The petitioner's failure to respond will result in dismissal for the reasons stated herein.

Date:

cc:   Petitioner, *pro se*
      Respondent
4413.009