## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**JAMES WALTERS**                                                                        **PETITIONER**

**v.**                                                             **CIVIL ACTION NO. 5:09-CV-P8-R**

**JOHN MOTLEY, Warden**                                                   **RESPONDENT**

### MEMORANDUM OPINION

The petitioner, James Walters, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus (DN 1). On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court ordered the petitioner to show cause why his petition should not be denied and his action dismissed as untimely. The petitioner has responded. After reviewing the petitioner's response, the petition and the amended petition, the Court, as discussed below, will dismiss the petition as time-barred. *See* Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

### I.

Following the petitioner's guilty plea, the McCracken Circuit Court entered a judgment of conviction on December 16, 1998, sentencing the petitioner to 25 years to life in prison for capital murder and first-degree robbery. Over two years later, on April 12, 2001, the petitioner filed a state post-conviction motion pursuant to KY. R. CRIM. P. 11.42. According to the petitioner's § 2254 petition, the McCracken Circuit Court denied his Rule 11.42 motion on April 18, 2001. He states in his amended petition that on September 25, 2003, he filed a motion pursuant to KY. R. CRIM. P. 60.02, which was denied on October 29, 2003. He states that he filed another motion pursuant to KY. R. CRIM. P. 11.42 on October 20, 2004. This motion was premised on the affidavit of his codefendant, Jason Brooks, who stated that the petitioner had nothing to do with the crimes. It was

denied on January 24, 2005, by the McCracken Circuit Court. On appeal, on May 5, 2006, the Kentucky Court of Appeals affirmed, holding that the affidavit did not constitute newly discovered evidence because there was no indication that the evidence was not discoverable earlier. The Kentucky Supreme Court denied discretionary review on March 16, 2007. The petitioner filed another Rule 60.02 motion in September 2006, which was denied by the McCracken Circuit Court in October 2006, and that denial was affirmed by the Kentucky Court of Appeals on July 11, 2006. The petitioner did not file his § 2254 petition in this Court until January 13, 2009.[1]

II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). In this case, the petitioner certified under penalty of perjury that he placed his petition in the prison mail system on January 13, 2009.

>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on January 15, 1999, 30 days after the trial court entered judgment and the last date that he could have filed an appeal under Rule 12.04(3) of the Kentucky Rules of Criminal Procedure. Thus, he had until January 15, 2000, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

According to the petitioner's petition, he did not file any time-tolling collateral attacks of his state court conviction until April 21, 2001, over one year after the applicable limitations had expired. His filing a Rule 11.42 post-conviction motion did not restart the one-year statute of limitations for filing his federal habeas petition. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Thus, when the petitioner finally sought post-conviction relief from the McCracken Circuit Court on April 21, 2001, there was nothing left of the one-year statute of limitations to toll.

In his response, the petitioner does not argue that his petition was filed timely. Instead, he argues that the time period should be equitably tolled because he is actually innocent. The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable

evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen v. Yukins*, 366 F.3d 396, 405 (6th Cir. 2004) (internal quotations and citations omitted).

      A review of the petitioner's response reveals that his claims of actual innocence are not premised on new evidence. He asserts, first, that he is actually innocent because he pleaded guilty on the bad advice or without advice from counsel. This assertion is not based on new evidence. He next argues that the affidavit of his co-defendant, Brooks, demonstrates his innocence. However, although that affidavit was executed after the guilty plea, that evidence is not new for purposes of equitably tolling this § 2254 petition. In denying his Rule 60.02 motion based on this affidavit, the state court held that the affidavit did not constitute new evidence as there was no reason offered that the affidavit could not have been obtained earlier, and the petitioner makes no showing here why the affidavit could not have been produced earlier. Moreover, the fact that the petitioner waited so long after the state courts rejected his post-conviction motion for relief based on the affidavit to file his habeas petition dictates against the application of equitable tolling. Denial of discretionary review regarding that Rule 60.02 motion occurred nearly two years before the petitioner filed his § 2254 petition. The petitioner offers no reason for allowing nearly two years to elapse before filing his § 2254 petition. *See*, *e.g.*, *Cook v. Stegall*, 295 F.3d 517, 521-22 (6th Cir. 2002) (concluding that equitable tolling was not appropriate where the petitioner filed his habeas petition one month late); *Dunlap v. United States*, 250 F.3d 1001, 1010 (6th Cir. 2001) (holding

that the petitioner was not entitled to equitable tolling where he filed his habeas petition more than two months late). Thus, the length of the petitioner's delay in filing his habeas petition does not support the application of equitable tolling.

For the same reason, even if the Court were to consider the affidavit new evidence from which the one-year limitations period commenced, more than one year passed between the signing of the affidavit and the filing of this habeas petition, making the petition untimely. *See Souter*, 395 F.3d at 587-88 (holding petition untimely where 386 days elapsed between signing of affidavit, which could be considered new evidence, and filing of habeas petition).

Finally, the petitioner asserts that trial counsel was ineffective in not investigating his mental illness history, not moving to suppress the petitioner's incriminating statement to the police, and not investigating other suspects or allegedly fabricated facts. Nothing in the petitioner's response suggests that there is any new evidence supporting these assertions.

### III.

For the foregoing reasons, the Court finds that equitable tolling is not appropriate. The Court will, by separate Order, dismiss the instant petition as time-barred.

### CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the

merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:

cc:     Petitioner, *pro se*
        Respondent
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
          1024 Capital Center Drive, Frankfort, KY 40601

4413.009